Rebecca Grey, Bar No. 194940
grey@greylaw-sf.com
P. Lauren Ruby, Bar No. 293105
lauren@greylaw-sf.com
THE GREY LAW FIRM, P.C.
235 Montgomery Street, Suite 1101
San Francisco, CA  94104
Telephone:    415.262.9926
Facsimile:    415.262.9981

Attorneys for Plaintiff
ROBERT GLANTZ

Anna M. Martin, Bar No. 154279
amartin@rimacmartin.com
RIMAC MARTIN, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Telephone:    415.561.8440
Facsimile:    415.561.8430

Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH AMERICA;
OMNICOM BENEFITS INC.; and, the OMNICOM GROUP HEALTH AND WELFARE
BENEFIT PLAN (improperly named herein as Omnicom Benefits Inc. Insurance Plan)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| ROBERT GLANTZ, | Case No.  3:15-cv-00211 WHO |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT; ORDER** |
| v. | |
| CIGNA LIFE INSURANCE COMPANY; LIFE INSURANCE COMPANY OF NORTH AMERICA; OMNICOM BENEFITS INC.; OMNICOM BENEFITS INC. INSURANCE PLAN, | Complaint Filed: January 14, 2015 |
| | Date:          April 7, 2015 |
| | Time:         2:00 P.M. |
| | Courtroom:  2, 17th Floor |
| | Judge:        Hon. William H. Orrick |
| Defendants. | |

1

Plaintiff Robert Glantz ("Plaintiff") and defendant Life Insurance Company of North America ("LINA"); Omnicom Group Health and Welfare Benefits Plan (together with the Group Insurance Policy Number LK-980036, the "Plan"); and Omnicom Benefits Inc. ("Omnicom") (collectively "Defendants"), jointly submit this JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER, pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

**1.  JURISDICTION & SERVICE**

Plaintiff and Defendants (collectively "the Parties") agree that this Court's jurisdiction is proper pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132, as this matter is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq., as amended ("ERISA").  The Parties agree that venue is proper in this Court.  Defendants contend that CIGNA Life Insurance Company does not exist and has not been served.  All other Defendants have appeared in this matter.

**2.  FACTS**

Plaintiff was Vice President at Access Communications, from 1992 through 2012, and was a participant in the Plan, which provided, *inter alia*, long term disability ("LTD") benefits to eligible employees.  The Plan is an employee welfare benefit plan governed by ERISA.  The LTD portion of the Plan is insured by a policy of insurance issued by LINA to Omnicom, and LINA is the claims administrator and underwriter.  Omnicom is the named Plan Administrator according to Plan documents.  However, Plaintiff contends that LINA or CIGNA held itself out to Plaintiff as the Plan Administrator.

In December 2012, Plaintiff filed a claim for long-term disability benefits claiming that he suffered from conditions including severe rheumatoid arthritis, depression and chronic fatigue.  On April 26, 2013, LINA determined that Plaintiff was entitled to long-term disability benefits.  From March 2, 2013 through March 1, 2014, Plaintiff received LTD benefits from LINA.  On December 18, 2013, LINA issued its initial decision denying further benefits to Plaintiff.   On September 12, 2014, Plaintiff appealed LINA's initial denial of further benefits. On November 12, 2014, LINA denied Plaintiff's appeal. Plaintiff has exhausted his administrative remedies and this action is now

ripe for judicial review.  Plaintiff thus brings these claims for relief against Defendants, seeking payment of benefits under the Plan or equitable remedies due to Defendants' purported breaches of fiduciary duty, and sanctions for failure to provide documents.

**3.   LEGAL ISSUES**

1. Whether there is a grant of discretion in the Plan;
2. If there is a grant of discretion in the Plan, whether that grant of discretion is valid in light of Insurance Code Section 10110.6;
3. What is the applicable standard of review;
4. If the standard of review is abuse of discretion, what degree of discretion should the Court give the decisions made by Defendants;
5. To what extent did a purported conflict of interest taint the decision-making process;
6. To what extent is Plaintiff entitled to discovery in this matter and what discovery is appropriate;
7. What evidence outside of the administrative record is admissible;
8. Whether Plaintiff is entitled to statutory penalties;
9. Whether Plaintiff is entitled to equitable remedies due to Defendants' purported breaches of fiduciary duties; and
10. Whether Plaintiff is entitled to benefits under the terms of the Plan.

**4.   MOTIONS**

There are no pending motions.  Depending on the discovery served by Plaintiff, there may be discovery disputes that involve motion practice.  Depending upon the Court's preference, the Parties may resolve this matter in cross-motions for Judgment under FRCP 52.

**5.   AMENDMENT OF PLEADINGS**

The Parties do not anticipate any further amendments to the pleadings.

**6.   EVIDENCE PRESERVATION**

The Parties have taken the necessary steps to preserve the evidence pertinent to this matter.

**7.   DISCLOSURES**

Plaintiff and Defendants will complete Rule 26 disclosures by April 7, 2015.

**8.  DISCOVERY**

Plaintiff contends that the nature of discovery will depend on the standard of review applicable to this case.  If the standard of review is abuse of discretion, Plaintiff anticipates pursuing discovery on the impact of the structural conflict of interest on the claim decision in this action.  If the standard of review is *de novo*, Plaintiff anticipates pursuing discovery into information necessary to conduct an adequate de novo review that will enable the full exercise of informed and independent judgment, including information regarding the bias and credibility of Defendants' medical reviewers, Defendants; review procedures, and the extent to which relevant documents were omitted from the administrative record.

Defendants contend that such discovery is improper and unnecessary and is sought to disturb the streamlined process of ERISA, among other things.

**9.  CLASS ACTIONS**

Not applicable.

**10.  RELATED CASES**

There are no related cases at this time.

**11.  RELIEF**

Plaintiff seeks payment of past and future benefits pursuant to 29 U.S.C. §1132(a)(1)(B); "appropriate equitable relief" pursuant to 29 U.S.C. §1109, 29 U.S.C. §1132(a)(2), 29 U.S.C. §1132(a)(3) and *CIGNA v. Corp. v. Amara*, 131 S.Ct. 1866 (2011); civil penalties pursuant to 29 U.S.C. §1132(c)(1) and 29 C.F.R. 2575.502c-1; pre-judgment and post-judgment interest; costs; and attorney fees.

**12.  SETTLEMENT AND ADR**

The Parties have stipulated to Private Mediation with Jeff Krivis in San Francisco, which is currently scheduled for May 15, 2015.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

____ YES     __X__ NO

**14.  OTHER REFERENCES**

The Parties agree that this case is not suitable for reference to binding arbitration, a

special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

The Parties request that any claim for attorneys' fees under 29 U.S.C. Section 1132(g)(1) be deferred pending the Court's entry of judgment and determined by a separate motion thereafter.

## 16. EXPEDITED TRIAL PROCEDURE

The Parties agree that this matter can be presented through cross motions for judgment under FRCP 52 and with oral argument presented to the Court.

## 17. SCHEDULING

Proposed date for designation of experts:  N/A

Scheduled date for private mediation:  May 15, 2015

Proposed discovery cutoff date:  October 22, 2015

Proposed date to file cross-motions for judgment:  November 5, 2015

Proposed date to file oppositions:  November 19, 2015

Proposed hearing date for Motions for Judgment:  December 10, 2015

Proposed trial date:  January 21, 2016 (if required)

## 18. TRIAL

This matter is an ERISA case that may be decided through cross-motions for judgment pursuant to Rule 52 of the Fed. R. Civ. Proc.  If the case is not resolved by dispositive motion, the Parties anticipate that a bench trial could be completed in one-half of a day.  Rebecca Grey will try the case for Plaintiff.  Anna Martin will try the case for Defendants.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has no entities to disclose.

LINA makes the following disclosure:  LINA is the insurer that issued the group disability insurance policy at issue in this case.  LINA is 100% owned by Connecticut General Corporation, which is in turn 100% owned by CIGNA Holdings, Inc., which is 100% owned by Cigna Corporation.  Cigna Corporation is the only publicly traded company in the chain.  None of the companies have any control over the operations or decision-making of LINA or has a direct

1 | interest in the outcome of the case.

4 | Dated: March 31, 2015         THE GREY LAW FIRM, P.C.

*/s/ Rebecca Grey*
Rebecca Grey
Counsel for Plaintiff

9 | Dated: March 31, 2015         RIMAC MARTIN, P.C.

*/s/ Anna M. Martin*
Anna M. Martin
Counsel for Defendants

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions, except that the hearing date on the crossmotions for summary judgment shall be December 9, 2015 and the proposed bench trial date shall be January 19, 2016.

**IT IS SO ORDERED.**

Dated:   April 3, 2015

_____
HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT COURT JUDGE